IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ELEUTERIO MATA CORTEZ, § <br> AND § <br> RAMONA ESCONTRIAS AS § <br> REPRESENTATIVE OF THE ESTATE § <br> OF JUAN VALENTIN MATA § <br> ESCONTRIAS; § <br> § <br> MARIA DE LA LUZ NUNEZ NIETO § <br> AS NEXT FRIEND OF YADIRA § <br> MARIA MATA NUNEZ, CRISTINA § <br> MATA NUNEZ, AND VALENTIN § <br> MATA NUNEZ § <br>         Plaintiffs, § <br> § <br> v. § <br> § <br> § <br> FORD MOTOR COMPANY, § <br> § <br>         Defendant. § | CIVIL ACTION NO. B-04-50 |

**JOINT REPORT ON CONFERENCE REQUIRED BY RULE 26(f) AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   RESPONSE: The meeting was held on April 21, 2004. Counsel Danielle Harsany attended on behalf of Defendant, Ford Motor Company. Counsel Juan A. Gonzalez attended on behalf of the Plaintiffs, Eleuterio Mata Cortez, and Ramona Escontrias as Representative of the Estate of Juan Valentin Mata Escontrias; Maria De La Luz Nunez Nieto as Next Friend of Yadira Maria Mata Nunez, Cristina Mata Nunez, and Valentin Mata Nunez.

2. List cases pending in this, or any other district, with their cause number and judicial district, which are related to this case.

   RESPONSE: There are numerous lawsuits filed against Ford Motor Company based on similar allegations as those contained in this case. These are too numerous to set forth here. Nevertheless the parties do advise the court that there are multiple other cases that are related to the extent that the allegations may be similar.

3. Can and should this case be consolidated with those cases, if any?

1

**RESPONSE:** The parties agree that they do not believe that this case should be consolidated with any other pending cases.

4. What is the Plaintiffs' allegation of federal jurisdiction?

**RESPONSE:** Plaintiffs did not make an allegation of federal jurisdiction. Plaintiffs filed in state court. Defendant Ford Motor Company alleges diversity jurisdiction and amount in controversy.

5. Does/do the Defendant(s) agree or disagree with this allegation?

**RESPONSE:** Ford alleges that this Court has jurisdiction under Title 28, United States Code, Section 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of all interest and costs. Plaintiffs do not disagree with this allegation.

6. Does either party anticipate the need to add additional parties?

**RESPONSE: Plaintiffs do not anticipate any additional parties at this time. Ford may allege that the fault of the Explorer's driver is responsible for the crash and Plaintiffs' damages.**

7. If so, list any additional parties and when they can be added.

**Ford may add the driver as a defendant once preliminary discovery has been done.**

8. List any anticipated interventions.

**RESPONSE: Plaintiffs and Defendant do not anticipate any interventions at this time.**

9. Is/are there any issue(s) in this case which may raise class allegations or class action issues?

**RESPONSE: None.**

### Discovery

10. Describe the proposed discovery plan agreed upon at the conference. Include the following.

**RESPONSE:** The parties have agreed to exchange disclosures required by Rule 26(a)(1) within 30 days following the initial pre-trial conference in this matter presently scheduled for May 4, 2004. The parties anticipate fact discovery regarding the nature and cause of the crash, the design and development of the Explorer, and the damages claimed by Plaintiffs. Expert discovery regarding these same topics is

2

anticipated as well. The parties believe that phased discovery will permit the most efficient preparation of this case for trial and recommend a fact discovery deadline (discovery to be completed) of December 31, 2004, and an expert discovery deadline of January 31, 2005. Due to the complexity of this case, the parties recommend suspension of the discovery limitation set forth in Rule 30(a)(2)(A). Defendant anticipates the need for a protective order pursuant to Rule 26(c) may arise depending on the nature of Plaintiffs' discovery requests. If and when warranted by the facts, Defendant will submit either an Agreed Protective Order or a Motion for Protective Order for the Court's consideration.

Plaintiffs anticipate sending interrogatories and request for production to Defendant. Plaintiffs will serve such interrogatories and request for production no later than July 8, 2004.

Defendant anticipates sending interrogatories and request for production to Plaintiffs. Defendant will serve such interrogatories and request for production no later than July 8, 2004.

The parties anticipate taking the depositions of all investigating police officials, emergency ambulance and medical personnel, if any, medical examiners, witnesses to the subject accident, and opposing experts. Additionally, Plaintiffs anticipate taking the deposition(s) of Ford corporate representative(s) designated to testify about the design, development, testing, and marketing of the Explorer; and Defendant anticipates taking the depositions of all Plaintiffs and other witnesses, if any, with knowledge relevant to Plaintiffs' damages claim. The deposition will be completed in accordance with the discovery deadlines set forth in subsection A above. The depositions will be completed in accordance with the discovery deadlines as set in herein above. Also, it is important to note that because this accident took place in Mexico, deposition testimony will most likely be the only method of presenting a substantial part of the factual testimony in this matter. It may be difficult to arrange such depositions, and the identities and locations of all potential witnesses unknown at this time.

The parties would request that Plaintiffs (or the party with the burden of proof on an issue) designate testifying experts and provide the reports required by Rule 26(a)(2)(B) no later than October 31, 2004. The parties would request that opposing parties designate testifying experts and provide the reports required by Rule 26(a)(2)(B) no later than November 30, 2004.

11.   If the parties do not agree on any portion of the discovery plan, describe the separate views <u>and proposals</u> of each party.

RESPONSE: The parties are in general agreement to the discovery plan as outlined herein. Plaintiffs additionally urge that a period of forum non conveniens discovery be allowed prior to or in conjunction with the other discovery described herein and that a briefing schedule for forum non conveniens and conflict of law/choice of law issues be entered in this case. "Defendant believes that the forum non conveniens issues are similar to prior cases litigated by counsel for both parties where forum non conveniens discovery is

3

complete. Defendant contends that the parties are fully apprized of all the relevant forum non conveniens fact issues. Further, defendant will stipulate to the manufacture location of the vehicle at issue.

## Settlement and Trial Alternatives

12.   Describe the possibilities of settlement or alternate dispute resolution which were discussed at the Rule 26(f) conference.

**RESPONSE: The parties agree that settlement discussions which may lead to a settlement are possible after some amount of preliminary discovery has been conducted. The parties agree to communicate in good faith regarding the potential for any such settlement discussions.**

13.   State what has been done to bring about a prompt settlement.

**RESPONSE: The parties believe that it is too premature to seriously discuss resolution at this time. The parties are cooperating in reaching agreements with respect to discovery and pretrial matters that may lead to fruitful resolution discussions.**

14.   Is this case suitable for Alternate Dispute Resolution (ADR)? If so, what has been done to promote ADR?

**RESPONSE:   The parties agree that that this case is not suitable for ADR.**

15.   Will the parties consent to trial before a Magistrate Judge?

**RESPONSE:   The parties do not agree to a trial before a magistrate at this time.**

16.   Has a jury demand been made? It is timely?

**RESPONSE:   Plaintiffs made a timely jury demand, upon which Defendant relies.**

17.   In the event of a trial, how long will it take to try this case?

**RESPONSE: The parties anticipate that it will take 80-100 hours to present evidence in this case. Cases of this nature are generally tried over the course of 2 ½ to 3 weeks (5 trial days per week).**

## Additional Conference Items

18.   If there are any motions pending before the Court at this time, list them.

**RESPONSE:** Defendant together with their original answer filed Motions to Transfer Venue and Subject Thereto Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Original Answer to Plaintiffs' Original Petition.

19. Can any of these motions be ruled upon at the initial pretrial and scheduling conference?

**RESPONSE:** Plaintiffs do not believe that any pending motions are ripe for ruling at the initial pretrial and scheduling conference. Specifically, Plaintiffs urge that the Court allow Forum Non Conveniens discovery and conflict of laws discovery and order a briefing schedule. Defendant acknowledges the local rules require all motions be supported with authority. Presently, neither of defendants' motions, forum non conveniens and foreign law, contain supporting authority. Defendant intends on filing its briefs to support both motions shortly.

20. Are there any other matters peculiar to this case, including discovery, which deserve the special attention of the Court at the conference?

**RESPONSE:** The accident given rise to this suit occurred in Mexico. As a result, the Plaintiffs, investigating officers, medical treatment personnel, and any witnesses to the accident reside in Mexico. This may lengthen and complicate the discovery process. Additionally, Plaintiffs urge the necessity for forum non and conflicts of laws discovery and briefing scheduling.

21. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**RESPONSE:**

*For Plaintiffs*

**Juan A. Gonzalez**
**Attorney inCharge**
**Southern District Admission No. 3472**
**State Bar No. 08129310**
**Ricardo G. Benavides**
**Southern District Admission No. 32205**
**State Bar No. 24031735**

**Law Office of Mark A. Cantu**
**The Atrium**
**1300 North 10th Street, 4th Floor**
**McAllen, Texas 78501**
**Tel: (956) 968-8181**
**Fax: (956) 687-8868**

Evan Kramer
Attorney in Charge
Southern District Admissions No. 12346
State Bar No. 11704650
Danielle Harsany
Southern District Admission No. 32200
State Bar No. 24005131
Brown McCarroll, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
Tel: (713) 529-3110
Fax: (713) 525-6295

    Respectfully submitted,

    **LAW OFFICE OF MARK A. CANTU**
    THE ATRIUM
    1300 N. 10th St., Suite 400
    McAllen, Texas 78501
    Tel: 956/687-8181
    Fax: 956/687-8868

    JUAN A. GONZALEZ
    Texas State Bar No. 08129310
    Southern District Admission No. 3472

    ATTORNEY FOR PLAINTIFFS

    And

    Brown McCarroll, L.L.P.
    1111 Bagby, 47th Floor
    Houston, Texas 77002
    Tel: (713) 529-3110
    Fax: (713) 525-6295

    By: _____ with permission
    Evan Kramer
    Attorney-In-Charge
    State Bar No. 11704650
    Southern District Admissions No. 12346
    Danielle Harsany
    State Bar No. 24005131
    Southern District Admissions No. 32200

    ATTORNEYS FOR DEFENDANT
    FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been forwarded to the following counsel of record via hand-delivery, facsimile, or certified mail return receipt on this the 22nd day of April 2004.

Evan Kramer
Danielle Harsany
Brown McCarroll, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
Tel: (713) 529-3110
Fax: (713) 525-6295
**Attorneys for Ford Motor Company**

/s/ Juan González