UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

FEB 1 4 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| ELEUTERIO MATA CORTEZ and RAMONA ESCONTRIAS AS REPRESENTATIVE OF THE ESTATE OF JUAN VALENTIN MATA ESCONTRIAS; <br><br> MARIA DE LA LUZ NUNEZ NIETO AS NEXT FRIEND OF YADIRA MARIA MATA NUNEZ, CRISTINA MATA NUNEZ, AND VALENTIN MATA NUNEZ <br>    Plaintiffs, <br><br> VS. <br><br> FORD MOTOR COMPANY <br>    Defendant. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-04-050 |

# ORDER

This Court now considers the Motion to Dismiss for *Forum Non Conveniens* filed by Ford Motor Company and the response thereto filed by Plaintiffs. *Docket Nos. 8 & 9.* The Court, finding the Motion to be meritorious, hereby grants the same.

This case involves a single vehicle accident that occurred in Mexico in 2002. The accident occurred in Ojinanga in the Mexican state of Chihuahua. The vehicle in question was a Ford Bronco II that was designed and manufactured in Louisville, Kentucky. The plaintiffs are all Mexican citizens and have admitted that they were such at all pertinent times. The decedent Juan Valentin Mata Escontrias, who was also the driver, was also a citizen of Mexico.

In their response, Plaintiffs tacitly concede that a large portion of their arguments is contrary to the holding in Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003). Moreover, the Fifth Circuit in Gonzalez v. Chrysler Corp., 301 F.3d 377 (5th Cir. 2002) also directly addressed

many of the issues raised in the present matter. This Court also addressed similar issues in <u>Morales v. Ford Motor Co.</u>, 313 F.Supp.2d 672 (S.D. Tex. 2004), albeit in a lengthy opinion analyzing the *forum non conveniens* issues in a vehicle accident that occurred in Venezuela.

That being the case, the Court will not discuss the law of *forum non conveniens* in detail. Suffice it to say, that once there is a determination that there exists an available and adequate alternative forum, the Court then reviews the prevailing private interest factors, which include: (1) ease of access to sources of proof, (2) availability of compulsory process for the attendance of the unwilling, (3) availability to view the accident site, and (4) other factors affecting the case, speed, expense of trial, and/or the enforceability of judgment. Finally, the Court can then consider public interest factors which include: (1) court congestion, (2) local interest in having controversies decided at home, (3) the interest in having a local forum which is familiar with the law that must control the case, (4) the duty to avoid unnecessary conflicts-of-law problems, and (5) the unfairness of burdening citizens with jury duty in a matter unrelated to the forum.

The Fifth Circuit has already held in cases such as this that Mexico is an adequate forum. <u>Vasquez</u>, 325 F. 3d at 671-2; <u>Gonzalez</u>, 301 F. 3d at 379-383. These two cases involved Mexican citizens suing an American car/tire manufacturer over an accident which arose in Mexico.

The private factors in this case favor a trial in Mexico. These factors are almost identical to the ones discussed in <u>Gonzalez</u>. The victim/driver was a Mexican citizen. The plaintiffs are Mexican citizens. The accident took place in Mexico. The accident investigation was conducted in Mexico by Mexican officials. These and other Mexican witnesses cannot be compelled to testify in the United States. The only private factor in Plaintiffs' favor on this issue is that the Bronco II was made in the United States, but even this fact is not supportive of a trial in this forum as the vehicle was

designed and manufactured in Louisville, Kentucky.[1] Plaintiffs allege that the evidence they want from Ford is located in the United States. This is, no doubt, true but that evidence can easily be produced to Plaintiffs' counsel for use in Mexico. Additionally, that factor is offset by the fact that the rest of the evidence is in Mexico. The public factors (except for court congestion) also favor the defendant's motion.

The plaintiffs do raise one argument not previously decided by the Fifth Circuit or raised in this Court. They claim the International Covenant on Civil and Political Rights entitles Mexican citizens to sue in the United States over claims that arise in Mexico. In support of this claim, the plaintiffs cite two cases: Blanco v. Banco Industrial, 997 F.2d 974 (2nd Cir. 1993), and Ford Motor Company v. Aguiniga, 9 S.W.3d 252 (Tex. App.—San Antonio 1999, pet. denied). These authorities, while addressing this treaty, do not necessarily support the plaintiffs' contentions.

In Blanco, the Second Circuit held that the existence of a treaty meant that no discount should be given to a foreign plaintiff's choice of forum when considering *forum non conveniens* factors. Id. at 981. Nevertheless, the circuit court then proceeded to conduct the normal (Gilbert) weighing of *forum non conveniens* factors and granted the *forum non conveniens* motion dismissing the case and, in effect, referred it to Venezuela, the home of the plaintiff. In Aguiniga, the San Antonio Court of Appeals used the treaty language to decide a narrow point of specific law under Section 71.031(a)(4) of the Texas Civil Practice and Remedies Codes. That provision is not applicable in this case.

---

[1] The fact that Plaintiffs' attorneys have custody of the car in McAllen, Texas, where they office, is of little significance in this equation. However, even that is not a factor that would support the Brownsville Division of the Southern District of Texas as being the appropriate place for the trial.

Finally, the treaty itself is not helpful. It is a non-self-executing treaty that first opened for signature in 1966. The United States Senate gave its advice and consent in 1992, but ratified it with numerous reservations. Article 14 of that treaty (the portion relied upon the plaintiffs) does no more than propose that all individuals be treated equally under the law—a proposition the United States has believed in since its founding. This concept is not inconsistent with the well-established *forum non conveniens* analysis in federal courts. The remainder of Article 14 (other than the first sentence paraphrased above) deals with criminal prosecutions. Being treated equally under the law does not mean one is not subject to traditional *forum non conveniens* principles when one files a lawsuit.

Consequently, based upon binding Fifth Circuit authority and upon its own *forum non conveniens* analysis summarized above, this Court **GRANTS** the motion to dismiss under the following conditions:

1. Defendants shall submit to the jurisdiction of the appropriate Mexican court in which Plaintiffs have filed suit;

2. Defendants shall waive any statute of limitations or jurisdictional defenses that could be posed in the Mexican court;

3. Defendants shall make available in Mexico all relevant documents and witnesses within its control;

4. Defendant's shall bear any translation-related expenses concerning the testimony of their English-speaking witnesses at trial;

5. Defendant's agree to satisfy any Mexican judgment, subject only to whatever

4

appellate rights it may enjoy in that forum; and

6. Defendant shall agree to the reassertion of jurisdiction by this Court in the event that it fails to satisfy any final judgment.

Should Defendant fail to meet any of these conditions, this Court will resume jurisdiction over the case. In keeping with the conditional nature of this order of dismissal, dismissal of the case from this Court's docket shall become effective once the Defendant has tendered a written statement assenting to be bound by the foregoing conditions. Should the Defendant fail to do so within ten (10) business days of the entry of this order, its *forum non conveniens* motion will be considered waived, and this case will proceed to trial in this Court.

Signed this 14th day of February, 2005.

                                            Andrew S. Hanen
                                      United States District Judge