

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 0 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ELEUTERIO MATA CORTEZ and RAMONA ESCONTRIAS, as Representative of the Estate of JUAN VALENTIN MATA ESCONTRIAS; <br><br> And <br><br> MARIA DE LA LUZ NUNEZ NIETO, As Next Friend of YADIRA MARIA MATA NUNEZ, CRISTINA MATA NUNEZ, and VALENTIN MATA NUNEZ <br>                Plaintiffs <br> Vs. <br><br> FORD MOTOR COMPANY <br>                Defendant | § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.: 04-CV-50 <br>JURY |

## FORD MOTOR COMPANY'S BRIEF TO SUPPORT MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

Ford Motor Company ("Ford"), respectfully moves to dismiss this action based on the doctrine of *forum non conveniens*. Ford filed its motion to dismiss under the doctrine of *forum non conveniens* in its state court answer on March 1, 2004, attached hereto as Exhibit 1. Ford now files its brief to support the previously filed motion. The plaintiffs are residents and citizens of Mexico. They are seeking damages as a result of a vehicle accident in the town of Ojinanga in the Mexican State of Chihuaha. Their efforts to utilize the resources of this court, sitting in the Southern District of Texas, to resolve their claims are contrary to established principles of law. Dismissal is the appropriate remedy.



EXHIBIT B

HOU:303315.1
13486.95897

## I. **INTRODUCTION**

The present case involves a single car accident that occurred in Mexico on January 27, 2002. This case has no connection to Texas. *See* Plaintiffs' Original Petition, attached hereto as Exhibit 2. All the plaintiffs are residents of Mexico. Exhibit 2. The accident was investigated by Mexican authorities. *See* the accident report attached hereto as Exhibit 3.

Furthermore, none of the products that allegedly failed have a connection to Texas. The 1986 Ford Bronco II (hereinafter "Bronco") involved in the accident was not designed or manufactured in Texas. *See* Declaration of Robert Pascarella, attached hereto as Exhibit 4. It was manufactured in Louisville, Kentucky. Exhibit 4.

It simply makes no sense for this case to remain in Texas. What is more, permitting this case to remain in Texas raises serious public policy concerns. First, Texas has no interest in litigating disputes arising in a foreign country, involving foreign plaintiffs and products with no connection to this state. Second, every single fact witness to the events surrounding these accidents resides in Mexico and is beyond the compulsory powers of this Court. Third, every potentially-liable third-party defendant who may have caused or contributed to this accident is also located in Mexico and is similarly beyond the compulsory power of this Court. Fourth, allowing foreign plaintiffs with foreign matters to avail themselves of American courts will invite forum shopping with a vengeance, further clog U.S. courts and force courts and jurors bearing no relationship to the accidents, the plaintiffs or the evidence to spend valuable resources.

The Fifth Circuit agrees. Recently, it dismissed a number of cases involving foreign plaintiffs and foreign matters. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003) (affirming district court's decision to dismiss suit brought by Mexican plaintiffs for an accident that occurred in Mexico). A number of federal district courts in Texas, likewise, have stood firm and

declined to open the flood gates to litigation involving foreign plaintiffs and foreign matters. *Morales v. Ford Motor Company*, 2004 WL 825641 (S.D. Tex. March 31, 2004) ___ F.Supp.2d ___ attached hereto as Exhibit 5.[1]

This case warrants the same result.

## II. ARGUMENTS

A. **The *forum non conveniens* doctrine permits the Court to dismiss this case so it may be filed in Mexico where the accidents occurred, where the plaintiffs reside, and where all accident-specific evidence is located.**

In evaluating a motion to dismiss for *forum non conveniens*,[2] this Court must first consider whether an adequate alternative forum is available to hear the case. *Vasquez*, 325 F.3d at 671. This requirement has two parts; the alternative forum must be both "available" and "adequate":

> An alternative forum is considered available if the entire case and all parties can come within its jurisdiction.
>
> \*\*\*\*\*
>
> An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.

*Id.* at 672 (citations omitted).

Once this Court finds that the alternative forum is both available and adequate, it must then weigh various private and public interest factors to determine whether that forum is the most appropriate. The "private interest" factors to be considered are:

---

[1] *Gonzalez v. Ford Motor Company*, No. P-02-CA-016 (W.D. Tex. September 23, 2003) (*order dismissing tread separation case by Venezuelan plaintiffs arising out of accident that occurred in Venezuela*), attached hereto as Exhibit 6; *Guedez v. Ford Motor Company*, No. P-03-CA-032 (W.D. Tex. September 23, 2003) (order dismissing tread separation claims by Mexican plaintiffs arising out of accident that occurred in Mexico), attached hereto as Exhibit 7; *Rodriguez v. Ford Motor Company*, No. P-03-CA-057 (W.D. Tex. September 23, 2003), attached hereto as Exhibit 8; *Zamudio v. Michelin North American, Inc.*, No. 4:02-CV-0929-A (N.D. Texas August 2003), attached hereto as Exhibit 9; *Taylor v. Daimler Chrysler Corp.*, 196 F.Supp.2d 428 (E.D. Tex. 2001); *Seguros Comercial Ans. S.A. de C.V. v. Am. President Lines Ltd.*, 933 F.Supp. 1301 (S.D. Tex. 1996); *Torreblanca de Aguilar v. Boeing Co.*, 806 F.Supp. 139, 145 (E.D. Tex. 1992).

[2] In diversity cases a federal court applies the federal law on *forum non conveniens*. *Seguros Commercial America S.A. de C.V. v. American President Lines, Ltd.*, 105 F.3d 198, 199 (5th Cir. 1996).

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of [the] premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839 (1947). The "public interest" factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct 252 (1981) n. 6.

**B.   Mexico is an "available" alternative forum.**

"An alternative forum is considered available if all parties can come within its jurisdiction." *Vasquez*, 305 F.3d at 671. "A defendant's submission to the jurisdiction of an alternative forum renders that forum available for purposes of *forum non conveniens* analysis." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). Here, defendant makes itself available to the courts of Mexico. Further, *should this case be dismissed to Mexico*, defendant agrees to abide by any judgment entered into by a Mexican court. Mexico, therefore, is an "available" forum.

But, even if defendant did not make itself available to the courts of Mexico, Mexico would still have jurisdiction over defendant. As Professor Serna de la Garza explains, the laws of Chihuaha, Mexico would apply and the courts would have jurisdiction over this case because this was the place of the accident. *See* Declaration of Professor Jose M. Serna de la Garza, §II(C), attached hereto as Exhibit 10. Additionally, Article 152 of the Code of Civil Procedure of Chihuaha allows parties to subject themselves to the jurisdiction of a Chihuaha judge. Exhibit 10 at VII p. 27.

C.   **Mexico is an "adequate" alternative forum.**

"An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Vasquez*, 325 F.3d at 671. Mexico is an "adequate" forum because it provides a wrongful death cause of action to the plaintiffs in this case. *Gonzalez*, 301 F.3d at 672. A foreign forum is "adequate," so long as, "the remedy provided by the alternative forum is [not] so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254-55.

That Mexico does not recognize strict *products* liability is of no consequence. As the Supreme Court put it:

> The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry.
>
> \*\*\*\*\*
>
> Although the relatives of the decedents may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly.

*Piper Aircraft*, 102 S.Ct. at 261 and 265, n.22.

Likewise, that Mexico may not afford plaintiffs exactly the same benefits that they would receive in an American court fails to demonstrate inadequacy. Indeed, the U.S. District Court for the Southern District of Texas declared that "it would be the height of presumption [for the U.S.] to insist on the 'parochial concept that all disputes must be resolved under our laws and in our courts' and that anything short of American justice is inadequate." *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 834 (S.D. Tex. 1993).

Recently, the Fifth Circuit addressed this very concern in *Gonzalez*, where a Mexican plaintiff brought a products liability suit against Chrysler in South Texas, claiming that a defective air bag killed his wife when the bag deployed. *Gonzalez*, 301 F.3d 377, 379. The accident that triggered the deployment occurred in Mexico and was witnessed by Mexican citizens. *Id.* Chrysler moved for dismissal under the *forum non conveniens* doctrine, and the plaintiffs objected, arguing

that Mexico did not provide an adequate forum because: (1) Mexican tort law does not provide for a strict liability theory of recovery and (2) Mexican law caps the maximum award of damages. *Id.* at 380-81. The court for the Southern District of Texas disagreed with the plaintiffs, and the Fifth Circuit affirmed. *Id.* at 384. The Fifth Circuit "quickly dismissed" the plaintiffs' first argument citing *Piper Aircraft* where the United States Supreme Court held that Scotland's failure to recognize strict liability did not render Scotland an inadequate alternative forum. *Id.* at 381. As to the second argument, the Fifth Circuit noted that:

> we find troublesome and lacking in guiding principle the fact that the adequacy determination could hinge on constantly varying and arbitrary differences underlying the 'economic viability' of a lawsuit

and that,

> the adequacy inquiry under Piper Aircraft does not include an evaluation of whether it makes economic sense for Gonzales to file this lawsuit in Mexico.

*Id.* at 383.

The same is true here for Mexico. In sum, Mexico is an adequate alternative forum.

D. **The private factors weigh strongly in favor of Mexico as the proper forum for this action.**

The next step in the *forum non conveniens* analysis is to consider the following private factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; (3) the possibility of view of [the] premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508.

All of these factors weigh in favor of dismissal in this case. First, since the accident that is the subject of the present litigation occurred in Mexico, that country's system has better access to sources of proof. The accident investigation occurred in that country and the majority of the

witnesses with knowledge of relevant facts reside in that country. Furthermore, most of these witnesses speak Spanish, and the relevant reports are written in Spanish. The Mexican courts are certainly more capable of handling the presentation of proof that will be in their native tongue. Furthermore, Ford will be unable to compel many key witnesses, who reside outside United States jurisdiction and thereby are outside the subpoena range of this court. *See* FED. R. CIV. P. 45 (limiting subpoena power to area within the state in which the court sits). Even those witnesses, if any, who are willing to submit to examination in United States courts can only be presented at a tremendous cost to the parties. Moreover, the accident site is in Mexico, and so view of the premises will be more readily available to a Mexican court. Because of the numerous practical problems involved in litigating this case in Texas--a state where no part of the underlying action occurred--the private interest factors balance heavily in favor of dismissal.

> The fact that the vehicles and tires were designed in the United States matters not.
>
> The linchpin of plaintiff's argument--that the alleged wrongful acts was the original design of the vehicle and tires--reaches back too far in the accident's causal chain. Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all occurred in Mexico. If accepted, plaintiffs' argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims.

*Gonzalez*, 325 F.3d at 674.

In any event, defendant hereby agrees to cooperate with the courts of Mexico in plaintiffs' efforts to obtain relevant evidence.[3] But it is impossible for the plaintiffs to provide the same easy access to any and all sources of proof as defendants, since a United States court *cannot* compel the production of documents or persons not in either parties' control. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146-47 (9th Cir. 2001).

---

[3] "[D]iscovery obtained in the United States can be perfectly used in a Mexican court." *See* Exhibit 10 at VIII pg. 28, 29.

In sum, access to sources of proof will be easier if this case is tried in Mexico, where the accident occurred and all of the plaintiffs and all accident-specific witnesses reside.

### E. The public interest factors also weigh heavily in favor of dismissal.

Although this court need not consider the public interest factors because the private interest factors alone weigh heavily in favor of dismissal, the public interest factors also strongly favor dismissal. *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 376 (5th Cir. 1992). The public interest factors the court must weigh are:

> the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws; or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft*, 454 U.S. at 241, n.6.

Again, all of these factors weigh in favor of dismissal in the present case. First, there is no reason to burden American courts or Texas courts with such controversies when adequate alternative forums exist. This is exactly what the Supreme Court was concerned with when it stated the doctrine of *forum non conveniens* should work to decrease "[t]he flow of litigation into the United States" and to decongest "already crowded courts." *Piper Aircraft*, 454 U.S. at 252.

Second, the local interest in Mexico far outweighs any interest of the United States, specifically the Brownsville Division of the Southern District of Texas. The action in question occurred in the foreign jurisdiction. Ford strains to find any basis to support the notion that the communities which comprise the Brownsville Division have any interest in the outcome of this litigation.

Third, this case is more properly tried in the jurisdiction whose substantive law should be applied. Certainly a Mexican court is better equipped to apply Mexican law, than a court in the United States. Allowing Mexico to adjudicate this claim will give the necessary deference to the

courts of that country, as well as avoid the unnecessary conflict of law problems that will arise by trying the case in the United States.

Fourth, and most importantly to the public policy interests of Texans, it is altogether unreasonable to burden Texas residents with the duty of adjudicating the claims of Mexican residents and citizens when those claims have no connection with Texas.

This Mexican accident claim was brought by foreign citizens and residents. They have chosen to litigate, not in the courts of their home country where the accidents occurred and where all of the evidence regarding this specific case is located, but in the courts of the United States. Therefore, their choice of forum is accorded substantially less deference than that of a domestic plaintiff litigating in his or her home forum. *Piper Aircraft*, 454 U.S. at 256.

### III.   CONSENT TO JURISDICTION

Defendant hereby consents to the jurisdiction of all the Mexican courts. Defendant further agrees to abide by any judgment entered into by a Mexican court.

### IV.   CONCLUSION AND PRAYER

In sum, Mexico is an available, adequate forum to hear this case, and all of the factors weigh strongly in favor of Mexico as the appropriate forum for this Mexican accident claim. Accordingly, Defendant, FORD MOTOR COMPANY, respectfully requests this Court to dismiss this action on the grounds of *forum non conveniens*.

Respectfully submitted

By: Evan N. Kramer with permission Danielle Shields
Evan N. Kramer
Attorney in Charge
SDTX No.: 12346
Texas Bar No.: 11704650

OF COUNSEL:
Danielle Harsany Shields
SDTX No.: 32200
Texas Bar No.: 24005131
BROWN McCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax: (713) 525-6295

COUNSEL FOR DEFENDANT
FORD MOTOR COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Ford Motor Company's Brief to Support Motion to Dismiss for *Forum Non Conveniens* has been forwarded by U.S. Certified Mail, Return Receipt Requested, to all known counsel of record as shown below on this 7th day of June, 2004.

Danielle Harsany Shields

Juan Gonzalez
THE LAW OFFICES OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, TX 78501

HOU:303315.1
13486.95897

10